United States District Court
Southern District of Texas
**ENTERED**
November 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CARLOS H. TELLEZ-SANCHEZ,<br>"Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00706 |
| MARKWAYNE MULLIN, *et al.*,<br>"Respondents." | § | |

**<u>ORDER</u>**

Before the Court is Petitioner's "Petition for a Writ of Habeas Corpus" (Dkt, No. 1) ("Petition") and Respondents' "Advisory" (Dkt. No. 15) informing the Court of Petitioner's removal from the United States. *See* Dkt. No. 15 at 1.

The Court concludes from the Advisory that the Petition is now moot. For the Court to retain subject matter jurisdiction over this case, the Petition must continue to present a live case or controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Otherwise, the case is moot, and the Court is deprived of jurisdiction. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

Here, Petitioner challenges the legality of his civil immigration detention and seeks release from Respondents' custody.[1] Dkt. No. 1 at 17. But Petitioner's removal necessarily ended the

[1] To the extent that Petitioner also requests an order enjoining Respondents from removing him to any third country without providing at least 30 days' written notice and a meaningful opportunity to seek fear-based protection before an Immigration Judge, Dkt. No. 1 at 16, this Court is without jurisdiction to offer it. *See Gakou v. Warden of Prairieland Det. Ctr.,* No. 26-10925, 2026 WL 3044209 (5th Cir. Oct. 10, 2026) (per curiam).

challenged detention and placed him beyond Respondents' custody. The Court therefore can no longer grant the relief sought by the Petition, and no live case or controversy remains.

Because mootness "is a jurisdictional matter" and can be raised "sua sponte," *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987), the Petition (Dkt. No. 1) is hereby **DISMISSED without prejudice as moot**. Respondents' "Motion for Summary Judgment" (Dkt. No. 10) is further **DENIED as moot**. The Clerk of Court is **INSTRUCTED** to close this case.

SIGNED this November 4, 2026

Rolando Olvera
United States District Judge